KRISTINE THERKILDSEN, A MINOR, BY AND THROUGH HER
FATHER AND NEXT FRIEND, BERG THERKILDSEN, APPELLANT,
v. JAMES E. GOTTSCH, APPELLEE.
235 N. W. 2d 622

Filed November 20, 1975. No. 39927.

Michael McCormack of McCormack, Cooney & Mooney, for appellant.

Eugene P. Welch of Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This appeal arises from a car-pedestrian accident which occurred on January 20, 1973, at about 12:45 a.m., near the intersection of Military Avenue and Fort Street in Douglas County, Nebraska. The plaintiff, aged 15, and two youthful companions were crossing Military Avenue on foot when they were struck by a west-bound automobile. The plaintiff's companions were killed. The plaintiff suffered serious personal injuries. The trial court submitted the issues of negligence and contributory negligence to the jury, which found for the defendant driver. The plaintiff appeals and makes several assignments of error relating to instructions given by the court. The merit of all the assignments, however, depends upon the determination of the basic question of whether the plaintiff adduced evidence which en-

titled her to claim the benefits of section 39-754.05(1), R. S. Supp., 1972, which provides in part: ". . . the driver of a vehicle shall yield the right-of-way . . . to a pedestrian crossing the roadway within a crosswalk," and so became entitled to an instruction which would have permitted the jury to find that the plaintiff had the right-of-way over the defendant. In this opinion all statutory references are to the statutes as they appear in the 1972 Cumulative Supplement, as these were the statutes applicable at the time of the accident. Since then the statutes have been renumbered and, to some extent, amended.

We find that the plaintiff's assignments are not meritorious and affirm the judgment of dismissal.

The general arrangement of the streets where the accident occurred is shown on the diagram which is included in this opinion. Military Avenue runs from the northwest to the southeast and is a paved, four-lane, controlled access highway divided by a concrete median which has an intersection break at Fort Street. Access from Fort Street to Military Avenue was controlled by a stop sign. Parallel to and approximately 100 feet easterly of Fort Street is an unnamed 22-foot street, alley, or roadway (originating out of Fort Street about a block from its intersection with Military Avenue), which, as the diagram indicates, intersects Military Avenue at the same angle as does Fort Street. It will be noted there is no median break opposite the entry of this street to Military Avenue and vehicular traffic from it can enter only the eastbound lanes of Military Avenue. There are no paved sidewalks adjacent to this 22-foot street. There are no marked crosswalks crossing Military Avenue either on a prolongation of the lateral lines of the 22-foot street, or at right angles to the direction of Military Avenue.

The plaintiff's contention apparently is that all of Military Avenue which would be included within the area bounded by a prolongation across Military Avenue

of the north line of Fort Street and a like prolongation of the south line of the 22-foot street is an intersection, that the plaintiff and her companions were crossing at that intersection when struck, and consequently that the jury was entitled to find that the plaintiff had the right-of-way in preference to the defendant driver.

The record establishes that when the accident occurred the plaintiff and her companions were crossing Military Avenue in a northerly direction from a point near the juncture of the southerly curb of Military Avenue and the south line of the 22-foot street to the point where the collision occurred (marked by the letter I on the diagram) in the westbound lane nearest the curb. This route of travel took the plaintiff diagonally through what she claims would be the intersection.

There is a considerable discussion in the briefs about the nature of the 22-foot street, whether it is an alley or some type of service road. The trial court viewed it as a service or access road and therefore concluded its juncture with Military Avenue did not create an intersection within the meaning of the statute. The record shows that this street served as access to a dental clinic located south of the street and near its juncture with Military Avenue. However, as we interpret the pertinent statutes, it is not necessary for us to pass on the exact nature of the street which was publicly owned and maintained.

An accurate perspective of the issue and its proper determination require consideration of numerous provisions of the statutes regulating the use of public roads. Clarity will be best served if we first quote the pertinent sections which must be considered.

In addition to section 39-754.05(1) already cited, the pertinent sections are as follows: "Intersection shall mean: (a) The area embraced within the prolongation or connection of the lateral curb lines, or, if there are no lateral curb lines, then the lateral boundary lines of the roadways of two highways, which join one another

at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict; . . . (b) Where a highway includes two roadways thirty feet or more apart, then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection. In the event such intersecting highway also includes two roadways thirty feet or more apart, then every crossing of two roadways of such highways shall be regarded as a separate intersection; . . . ." § 39-741(17)(a), (b).

"Crosswalk shall mean: (a) That part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or in the absence of curbs, from the edge of the traversable roadway; or . . . (b) Any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface." § 39-741(10) (a), (b).

It should first be noted that there was no marked crosswalk at the location in question and so that part of the crosswalk definition has no application in this case. Hereafter when we use the term crosswalk we will be referring to that term as defined in subsection (10)(a) of section 39-741.

"Sidewalk shall mean that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for use by pedestrians." § 39-741(44).

"Street shall mean the entire width between boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." § 39-741(49).

"No pedestrian shall cross a roadway intersection diagonally unless authorized by official traffic-control devices; and, when authorized to cross diagonally, pedes-

trians shall cross only in accordance with the official traffic-control devices pertaining to such crossing movements." § 39-745.06(4).

"Roadway shall mean that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term roadway shall refer to any such roadway separately but not to all such roadways collectively." § 39-741(39).

Insofar as the rights and duties of a pedestrian are concerned under the evidence before us, the statutory definition of an intersection is important only as it relates and is necessary to the statutory definition of crosswalks and the determination of whether crosswalks existed across Military Avenue at the point in question. If we examine section 39-741(17), it will be noted that the term intersection is defined in terms of the portions of the street used for vehicular traffic rather than pedestrian traffic. The definition of crosswalks is then tied to the definitions of intersection, section 39-741(10), and roadway, section 39-741(39). Under these definitions it is clear that the crosswalk is not part of the intersection, but where crosswalk exists it is a prolongation of the "sidewalk," i.e., the part of the street between the "curb lines, or lateral lines of a roadway" and the "adjacent property lines" intended for pedestrian travel. If we examine the definition of the term intersection it is clear that there may be intersections which do not cross the entire intersecting roadway. The latter part of section 39-741(17)(a) clearly indicates this. It says: "the area within which vehicles traveling upon different highways joining at any other angle *may come in conflict*." (Emphasis supplied.) This part of the definition would cover the juncture of the 22-foot street (if we assume it is a highway) and the eastbound lanes of Military Avenue, for it is only the vehicles entering Military Avenue from the 22-foot street and those on the eastbound traffic lanes which may conflict. This

is so because not only does the 22-foot street not extend beyond Military Avenue, but also because of the dividing median. It seems clear to us that the legislative definitions do not necessarily imply there are crosswalks at every intersection. They do import that where, as here, the 22-foot street does not cross Military Avenue and the traffic on Military Avenue flowing in different directions is separated by a median that the intersection ends at the median. It seems clear also that in such situations the Legislature did not intend that a crosswalk lie adjacent to such half street intersections. It would seem that where statutory definitions do not fit, the Legislature has left it to those charged with the duty of regulating traffic to make use of the marked crosswalk provisions where they deem it necessary. We hold, therefore, as a matter of law that no crosswalk existed across Military Avenue on a prolongation of the "sidewalk" adjacent to the 22-foot street.

Even if we were to adopt the plaintiff's claims as to the area included within the intersection, it is clear from the evidence that the plaintiff and her companions were crossing that "intersection" in a diagonal direction. This she was not entitled to do for there were no traffic-control devices at this location which permitted such movement. § 39-754.06. It is also clear from the evidence that, even if crosswalks were assumed to be projected across Military Avenue, the plaintiff was not using such a crosswalk when the accident occurred.

The plaintiff's claim that all of Military Avenue between the prolongation of the north line of Fort Street and the south line of the 22-foot street is an intersection does not bear scrutiny. The reason is that the evidence shows that Fort Street and the 22-foot street are not "one highway" consisting of "two roadways." See §§ 39-741(17)(a) and 39-741(39). Military Avenue would fit within portions of those definitions, but not the other two streets with which we are concerned.

There was no error in the jury instructions of which the plaintiff complains.

AFFIRMED.